IN THE UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN HOLLOWAY<br>10 North Fourth Street<br>DuBois, PA 15801 | : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO.:  3:21-cv-54 |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| DUBOIS REGIONAL MEDICAL<br>CENTER d/b/a PENN HIGHLANDS<br>DUBOIS<br>100 Hospital Avenue<br>Dubois, PA 15801<br>    and<br>PENN HIGHLANDS HEALTHCARE<br>100 Hospital Avenue<br>Dubois, PA 15801 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendants. | : <br> : | |

## CIVIL ACTION COMPLAINT

Dawn M. Holloway (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by DuBois Regional Medical Center d/b/a Penn Highlands DuBois and Penn Highlands Healthcare (*hereinafter* collectively referred to as "Defendants") of the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq*.), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200(d) *et. seq*), and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under Title VII are referenced herein for notice purposes. Plaintiff has filed discrimination and retaliation claims under Title VII with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff intends

**JURISDICTION AND VENUE**

2.    This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.    This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Western District of Pennsylvania.

5.    Plaintiff is proceeding herein under the ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and waiting sixty (60) days before filing the instant lawsuit.

**PARTIES**

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult individual with an address as set forth in the caption.

---

to amend her complaint to include claims pending before the EEOC and PHRC once such claims are fully and administratively exhausted.  Plaintiff is however filing her lawsuit in advance of same because she exhausted the necessary 60-day waiting period under the ADEA

8. DuBois Regional Medical Center d/b/a Penn Highland Dubois, a Pennsylvania non-profit corporation, is a hospital affiliated with the Penn Highlands Healthcare system, with an address set forth in the above caption. Plaintiff was hired through and worked at this address.

9. Penn Highlands Healthcare, a Pennsylvania non-profit corporation, provides residents with access to hospitals, physicians, a nursing home, home care agency and other affiliates, including DuBois Regional Medical Center d/b/a Penn Highlands Dubois, with an address as set forth in the above caption.

10. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they made be treated as a single and/or joint employer for purposes of the instant action.

11. At all relevant times herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

**FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff worked for Defendants for approximately 3 years before her unlawful termination (as discussed *infra*) on or about April 15, 2020.

14. Plaintiff was hired through and worked out of Penn Highlands DuBois hospital located at the above-captioned address.

15. Plaintiff was employed by Defendants as a Certified Registered Nurse Anesthetist ("CRNA") in Defendants' Anesthesia Department.

16. At the time of her termination, Plaintiff was supervised by Chief Anesthetist, John Syzmanski (*hereinafter* Syzmanski") and Service Line Director of Anesthesia, Aaron DeVallance (*hereinafter* "DeVallance").

17. Throughout her employment with Defendants, Plaintiff was a dedicated and hard-working employee who performed her job well.

### -Age Discrimination-

18. Plaintiff is a 49-year-old female.

19. Toward the end of Plaintiff's tenure with Defendants, she became aware through observations and her personal experience that Syzmanski and DeVallance clearly favored younger employees and exhibited clear hostility and animosity toward Plaintiff and other older employees. For example, but not intended to be an exhaustive list:

   a. Defendants' management, including but not limited to Syzmanski and DeVallance, treated Plaintiff and other older employees in a rude and demeaning manner;

   b. Defendants' management, including but not limited to Syzmanski and DeVallance, began to pretextually discipline and terminate older employees, in order to replace them with younger new hires or current employees;

   c. Defendants' management showed clear frustration with older employees' need for personal or sick time;

   d. Younger employees were given preferential treatment with regard to vacations and were able to take unscheduled weeks off without repercussions, unlike older employees; and

   e. At least one older CRNA, who was incorporated into another of Defendants' facilities, was paid significantly less money than her younger counterparts, despite having the substantially the same job duties, skills, and experience.

20. Plaintiff objected to the aforesaid instances of discriminatory and disparate treatment on multiple occasions, including the preferential treatment regarding vacations, but her concerns were ignored.

21. Instead, on or about April 15, 2020, Plaintiff was informed by Human Resources ("HR") that she was being permanently laid off (terminated), allegedly due to the COVID-19 pandemic.

22. Defendants' purported reason for Plaintiff's termination is patently untrue and pretextual, however, because: (1) Plaintiff was a hard-working employee for Defendants who performed her job well; (2) following Plaintiff's termination on April 15, 2020, her job duties were given to younger employees with far less seniority, experience, and tenure than she had obtained working for Defendants; (3) several older employees, including but not limited to Certified Registered Nursing Anesthetists ("CRNAs"), were also terminated at the same time that Plaintiff was and their job duties were given to far younger employees; and (4) following Plaintiff's termination Defendants advertised for new employees in Plaintiff's exact job description and, upon Plaintiff's information and belief, Defendants also hired several locum (temporary contracted employees) at a much higher hourly rate than Plaintiff was compensated while working for Defendants.

23. Therefore, Plaintiff believes and avers that she was terminated because of her age in for objecting to/complaining of unfair treatment because of her age.

### -Gender Discrimination-

24. In addition to the hostile work environment, discrimination, and retaliation that Plaintiff was subjected to because of her advanced age, Plaintiff was also subjected to gender discrimination.

25. Upon Plaintiff's observations and personal experiences, Defendants' management and other employees favored male employees and exhibited discriminatory animus towards Plaintiff and other female employees, thus creating a very gender-biased workplace. For example, but not intended to be an exhaustive list:

   a. Upon Plaintiff's information and belief, all of the Anesthesia Supervisors in Defendants' affiliated hospitals/facilities are male;

   b. Unlike Plaintiff's male co-workers, Defendants' male management selectively enforced policies against Plaintiff and other female employees;

   c. Unlike Plaintiff's male co-workers, Defendants' male management and doctors, including but not limited to DeVallance, treated Plaintiff and other female employees in a condescending and demeaning manner;

   d. Male employees were given preferential treatment with regard to overtime and schedules over female employees;

   e. At least one female CRNA, who was incorporated into another of Defendants' facilities, was paid significantly less money than her male counterparts, despite having the substantially the same job duties, skills, and experience; and

   f. Male employees, including but not limited to DeVallance, received poor performance evaluations but were still given promotions, while female employees were penalized and/or prevented from advancing for same.

26. Plaintiff objected to the aforesaid instances of discriminatory and disparate treatment on multiple occasions, including the preferential treatment regarding overtime and schedules, but her concerns were ignored.

27. Upon Plaintiff's information and belief, there were at least 7 male employees in her same department, with far less seniority, experience, and tenure than Plaintiff had obtained while working with Defendants, who were retained over Plaintiff.

28. Plaintiff believes and therefore avers that she was terminated because of her gender.

## COUNT I
### Violation of the Age Discrimination in Employment Act ("ADEA")
([1] Age Discrimination; [2] Hostile Work Environment; and [3] Retaliation)
-Against Both Defendants-

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. During her tenure with Defendants, Plaintiff had no history of significant discipline.

31. Plaintiff was treated disparately with respect to policies and termination contrary to individuals substantially younger than her.

32. Plaintiff objected to the aforementioned instances of age discrimination and disparate treatment by Defendants' management but her concerns were ignored, and Defendants' management continued to subject her to hostility, animosity, and disparate treatment because of her age.

33. Plaintiff was abruptly terminated on or about April 15, 2020, for pretextual reasons.

34. Upon information and belief, after Plaintiff was terminated, her work for Defendants was performed by much younger, less experienced individuals who do not possess the level of skill and seniority Plaintiff had obtained.

35. Upon Plaintiff's further information and belief, following her termination Defendants advertised for new employees in Plaintiff's exact job description and, upon Plaintiff's information and belief, Defendants also hired several locum (temporary contracted employees) at a much higher hourly rate than Plaintiff was compensated while working for Defendants.

36. Therefore, Plaintiff believes and avers her termination was completely pretextual and that she was really terminated because of her advanced age and her objections to age discrimination.

37. These actions as aforesaid constitute unlawful age discrimination and retaliation under the ADEA.

## COUNT II
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
([1] Gender Discrimination; [2] Hostile Work Environment; and [3] Retaliation)
-Against Both Defendants-

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. During Plaintiff's employment with Defendants, she was subjected to discrimination and a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or derogatory treatment because of her gender.

40. Plaintiff objected to the aforementioned instances of gender discrimination and disparate treatment by Defendants' management but her concerns were ignored, and Defendants' management continued to subject her to hostility, animosity, and disparate treatment because of her gender.

41. Plaintiff was abruptly terminated on or about April 15, 2020, for pretextual reasons.

42. Upon Plaintiff's information and belief, there were at least 7 male employees in her same department, with far less seniority, experience, and tenure than Plaintiff, who were retained over Plaintiff.

43. Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated because of her gender and her objections to gender discrimination.

44. Defendants' actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

  A. Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

  B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

  C. Plaintiff is to be awarded punitive and liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

  F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: March 30, 2021

9